**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 29, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SUNCOR ENERGY (U.S.A.), INC.,

Plaintiff-Appellant,

v.

UNITED STEEL, PAPER AND
FORESTRY, RUBBER,
MANUFACTURING, ENERGY,
ALLIED INDUSTRIAL AND
SERVICE WORKERS
INTERNATIONAL UNION,
AFL-CIO, CLC; USW LOCAL
UNION 12-477,

Defendants-Appellees.

No. 11-1344
(D.C. No. 1:11-CV-00375-RPM)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.

---

Suncor Energy (USA), Inc. (Suncor) appeals the district court's denial of

its summary judgment motion and grant of the summary judgment motion filed by

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CCIO, CLC, and USW Local Union 12-477 (the Union). Suncor sought a declaratory judgment that a grievance filed by a Suncor employee was not subject to arbitration. The Union filed a cross-complaint requesting the court find that the grievance was subject to arbitration. Both parties filed summary judgment motions on the undisputed facts. The district court granted the Union's motion, finding that the underlying dispute in the grievance involved questions of contract interpretation and that the parties had agreed to arbitrate questions of contract interpretation. We affirm.

<u>Background</u>

Suncor employee Jeffrey Packer applied for a "special assignment" position which required his supervisor's permission. His supervisor denied permission on the basis that Parker was the only reliability technician responsible for Suncor's fire water safety system at the time because the employee who could provide backup help was on leave. When his application was denied, Parker filed a grievance (the Grievance) claiming the denial was in violation of an anti-discrimination provision in the governing collective bargaining agreement (the CBA).

The CBA provides for a multi-step grievance procedure. The Union is Parker's exclusive bargaining representative. The CBA states that if the Union is dissatisfied with Suncor's response at the final step of a grievance procedure, it

-2-

shall notify Suncor of its desire to submit the matter to arbitration. The Union did so with Parker's Grievance. In response, Suncor denied the request and filed suit in district court seeking a declaratory judgment that the Grievance was not arbitrable. The Union counterclaimed to compel arbitration. Both parties later filed motions for summary judgment.

Three provisions of the CBA are relevant here. First, Article XXIII (the Management Rights Clause), relied upon by Suncor in its complaint for declaratory judgment. This provision states that certain management decisions are not arbitrable:

> The responsibilities of [Suncor] include, but are not limited to, the right to manage, direct, supervise its plant and businesses including . . . its right . . . to define, change, and modify work assignments and classifications; . . . to transfer, promote, or demote employees . . . and to require employees to observe reasonable rules and regulations for the safe and efficient operation of the plant.
>
> The exercise of the responsibilities of the Company may be grieved, but *shall not be subject to arbitration* or mediation *provided that the exercise of such rights, are not in violation of the express terms of this Agreement*.

Aplt. App. at 144 (emphasis added).

Second, Article XXV (the Anti-Discrimination Provision), cited by Parker in his Grievance, which states:

> There shall be no discrimination *of any kind* against any employee by any supervisor, manager, or other person in the employ of [Suncor] or by the Union . . . .

The Company and the Union agree to follow a policy of non-discrimination on the basis of race, color, religion, national origin, age, sex, handicap, marital status, and the Vietnam Veteran Readjustment Act.

*Id*. at 145 (emphasis added).

And third, Section 4 of Article V (the Arbitration Provision), which states:

The only grievances which shall be arbitrable shall be those meeting the following conditions:

a. Grievances arising between the Union and [Suncor] *relating only to the interpretation* or performance *of this Agreement* which cannot be adjusted by mutual agreement.

b. The grievance specifically designates *the express provision* or provisions of this Agreement alleged to have been violated, and the manner in which it or they have been violated.

*Id.* at 117 (emphasis added).

Parker asserted in his Grievance that denying him the assignment discriminated against reliability technicians because they rarely have backup help. He claimed this violates the Anti-Discrimination Provision prohibiting discrimination of "any kind." Suncor disagreed with this interpretation of the Anti-Discrimination Provision. It asserted that the assignment denial did not violate an "express" term of the CBA, a condition of arbitrability in the Management Rights Clause, and that the Grievance did not designate an "express provision," a condition of arbitrability in the Anti-Discrimination Provision. Suncor argued that the only "express" terms in the Anti-Discrimination Provision are to race, color, religion, national origin, age, sex, handicap, marital status, or

-4-

status under the Vietnam Veteran's Readjustment Act. Because Parker never asserted discrimination on those grounds, Suncor argued that the assignment-denial was a non-arbitrable exercise of its right under the Management Rights Provision to "modify work assignments."

The district court ruled that the parties' dispute as to the meaning of the Anti-Discrimination Provision presented "questions of interpretation of the CBA subject to arbitration under [the Arbitration Provision]." Dist. Ct. Order at 3, Doc. 25, No. 1:11-cv-00375-RPM (D. Colo. Jul. 12, 2011) (unpublished) (the Order). It further ruled that the question of whether the Grievance sufficiently designated an "express" term or provision under the CBA was also a matter of contract interpretation subject to arbitration.

Analysis

Suncor raises two issues on appeal. First, it contends that the district court erred in concluding that the substantive issue of arbitrability was to be decided by an arbitrator, not the district court. It cites to the well-established rule that "the question of arbitrability–whether a collective-bargaining agreement creates a duty for the parties to arbitrate the particular grievance–is undeniably an issue for judicial determination[ u]nless the parties clearly and unmistakably provide otherwise." *AT&T Techs., Inc. v. Commc'ns Workers*, 475 U.S. 643, 649 (1986). Second, it requests this court order the district court to enter judgment in its favor

and declare that the Grievance is not arbitrable under the Management Rights Clause.

Both parties agree that the CBA does not clearly and unmistakably delegate the gateway question of arbitrability to an arbitrator. Aplt. App. at 30, 101. Suncor's argument on appeal is that the district court should have resolved that issue by also resolving the underlying substantive arbibrabilty issue within the merits of the Grievance. Suncor's argument fails to differentiate between the gateway issue of arbitrability, which is subject to judicial determination, and the underlying substantive issue of arbitrabilty within the merits of the Grievance dispute, which the district court correctly left for the arbitrator to decide.

This is precisely the confusion the Supreme Court cautioned against in *AT&T*. There, the Court held that it was the court's duty to interpret the collective bargaining agreement to determine whether the parties intended to arbitrate the type of grievance at issue, but for the arbitrator to determine the relative merits of the parties' substantive interpretation of the agreement. *Id*. at 651. As *AT&T* makes clear, arbitrabilty does not depend upon the merits of the parties' dispute, even when that underlying dispute also involves a contractual issue of arbitrability. "[T]he judicial inquiry required to determine arbitrability is much simpler"; and is "'strictly confined' to whether the parties agreed to submit disputes over the meaning of [a collective bargaining provision] to arbitration."

*Id*. at 654 (J. Brennan concurring) (citing *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)).

Here, the district court did just what the *AT&T* decision directed it to do: it decided the gateway issue of arbitrability. It ruled that the dispute in the Grievance was "subject to arbitration" under the Arbitration Provision, in which the parties agreed to arbitrate grievances relating to the interpretation of the CBA, because the merits of the Grievance centered on the meanings and interpretation of the Anti-Discrimination Provision and the "express provision" requirement. Order at 3.

Both Suncor and the Union agree that the heart of the Grievance turns on questions of how to interpret the contractual terms of the CBA. *See* Aplt. Br. at 17 and Aplee. Br. at 15. That substantive arbitrability issue depends on whether denying assignments to employees who lack backup help is discrimination "of any kind" under an "express" term or provision" of CBA. In accordance with the terms of the Arbitration Provision, the district court held that the CBA obligates Suncor to arbitrate those particular contract interpretation issues. *See* Order at 3. The district court ruled that "[t]he Clerk shall enter judgment declaring that the arbitrability of the Parker [G]rievance is to be determined by the arbitrator and compelling [Suncor] to proceed with arbitration under the procedures of the CBA." *Id*. at 4. It is clear from the second half of that sentence that the district court fulfilled its duty to make a judicial determination as to the gateway

procedural issue of arbitrability, ruling in favor of arbitration, and having so ruled, appropriately left the second, substantive arbitrability issue for the arbitrator to decide. In making that "strictly confined" determination, the court was not required "even to consider which party is correct with respect to the meaning" of the underlying disputed provisions, even when that too involves arbitrability issues. *See AT&T*, 475 U.S. at 654-55 (J. Brennan, concurring).

Finding no error, we affirm the district court's ruling that the contractual interpretation issue in the Grievance is subject to arbitration under the CBA's Arbitration Provision. Suncor's request that this court order the district court to declare that the Grievance is not arbitrable is, therefore, denied as moot.

The judgment of the district court is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge